516 So.2d 210 (1987)
STATE of Louisiana, Plaintiff
v.
Raymond SMITH, Defendant.
No. KA 7321.
Court of Appeal of Louisiana, Fourth Circuit.
November 17, 1987.
*211 William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Criminal Div., Harry F. Connick, Dist. Atty., Terry M. Boudreaux, Asst. Dist. Atty., New Orleans, for plaintiff.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant.
Before BARRY, BYRNES, and ARMSTRONG, JJ.
ARMSTRONG, Judge.
The defendant, Raymond Smith, was charged with and convicted of a violation of LSA-R.S. 14:64, relative to the offense of armed robbery. He was sentenced to serve fifty years at hard labor without benefit of parole, probation or suspension of sentence.
The record reflects that on August 21, 1984 at about 1:00 a.m., near the corner of Esplanade Avenue and Dauphine Street, Bruce Griffin, along with his friend Marc Lawrence, offered the defendant, Raymond Smith, and Smith's friend a ride in Griffin's car. A few blocks later, the defendant, Smith, put a gun to Griffin's head and ordered Griffin and Lawrence to get out and drove away in Griffin's car. The next day Griffin located his stolen car and Smith in the Desire Housing Project and called the police, who arrested Smith for armed robbery.
A review of the record reveals that there are no errors patent.
In his sole assignment of error, the defendant alleges that his 50 year sentence is unconstitutionally excessive.
The penalty provision of LSA-R.S. 14:64 provides: "Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence". Defendant's sentence of fifty years clearly falls within the limits allowed by the statute.
However, even if a sentence falls within the scope of the statute, it may still violate Article 1 § 20 of the Louisiana Constitution, prohibiting "cruel, excessive or unusual punishment." State v. Cann, 471 So.2d 701 (La.1985). State v. Thomas, 447 So.2d 1053 (La.1984).
It is well settled in our jurisprudence that imposition of a sentence, although the excessive statutory limit, may be unconstitutional if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless and needless imposition of pain and suffering". State v. Brogdon, 457 So.2d 616 (La.1984), cert. den., Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 reh., denied, Brogdon v. Louisiana, 473 U.S. 921, 105 S.Ct. 3547, 87 L.Ed.2d 670 (1985).
To determine if a sentence is unconstitutionally excessive, an appellate court reviews the reasons given by the trial court for imposing a particular sentence. State v. Davis, 449 So.2d 452 (La.1984). The trial court's sentencing decision must be based upon the criteria set forth in La.C.Cr.P. art. 894.1, which further requires the court to specify the factors it has considered in imposing a particular sentence.
"While the trial judge need not articulate every aggravating and mitigating circumstance presented in La.C.Cr.P. art. 894.1, the record must reflect that he adequately *212 considered these guidelines in particularizing the sentence to the defendant." State v. Guiden, 399 So.2d 194, 200 (La.1981) cert. denied, Guiden v. Louisiana, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982). In accordance with La.C.Cr.P. art. 894.1 guidelines, the sentencing record should reflect that the trial court considered the personal history and past criminal history of the defendant and the seriousness of the crime. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal on remand, 446 So.2d 1210 (La.1984).
In the instant case, the trial judge considered the personal history of the defendant, noting that the defendant was "25 years old, single and with no substantial work record." The trial judge also addressed the defendant's past criminal record, which included a conviction for aggravated battery plus arrests for simple battery, theft, possession of stolen property and disturbing the peace. The judge also reflected upon the seriousness of the crime, finding that after the defendant had hitched a ride with his victim, he "thanked him for it by placing a gun to his head and robbing him of his car." The judge further indicated that he had considered all of the mitigating circumstances set forth in La.C. Cr.P. art. 894.1(B) and found that none applied in this case. No mitigating factors were suggested by the defense nor did the defendant speak in his own behalf. Finally, the judge stated that he based his sentence upon all three of the factors set forth in La.C.Cr.P. art. 894.1(A). Thus, we find that there was adequate compliance with LSA-C.Cr.P. art. 894.1.
Once adequate compliance with C.Cr.P. art. 894.1 is found, the sentence imposed will not be set aside in the absence of an abuse of the trial judge's sentencing discretion. State v. Quebedeaux, supra. In determining whether the judge abused his discretion and imposed an unconstitutionally excessive sentence, it is appropriate to compare the sentence imposed in this case to sentences imposed in other cases with similar circumstances and involving defendants with similar characteristics. State v. Brogdon, supra.
In State v. Forde, 482 So.2d 143 (La.App. 4th Cir.1986) the court upheld a fifty year sentence for armed robbery imposed upon the defendant who held up a bartender at gunpoint, took his money and ran away without physically injuring him. The defendant had two prior convictions for attempted simple burglary and armed robbery.
In State v. Shelton, 490 So.2d 515 (La. App. 4th Cir.1986) the court upheld a fifty year sentence for armed robbery against the defendant who held up at gunpoint a woman walking down the street, took her money and ran away without physically injuring her. The court considered the young age of the defendant and his prior record, which included a conviction for simple burglary. See also State v. Huntsberry, 439 So.2d 432 (La.1983) and 409 So.2d 555 (La.1982), where the court, after remanding for resentencing, affirmed a fifty year sentence against a first offender for armed robbery.
Even the ninety-nine year maximum sentence for armed robbery has been imposed and affirmed in cases that do not differ dramatically from this one. In State v. Roberson, 445 So.2d 12 (La.App. 4th Cir. 1982), writ denied, 449 So.2d 1344 (La. 1984) the defendant entered an office, held up an employee at gunpoint, locked several employees in a vault, took their money and left without physically injuring them. The trial court after considering the seriousness of the crime, the defendant's juvenile and adult criminal record and the risk created by the defendant to the community, imposed the ninety-nine year maximum sentence, which was affirmed on appeal.
In State v. Douglas, 389 So.2d 1263 (La. 1980), the defendant pushed his way into the victim's house with a gun, took the victim's money and, although he did not in fact injure the victim, threatened to do so if the victim left his house. He received a ninety-nine year sentence for armed robbery based upon the violent nature of the crime and his prior criminal record, which included two convictions for simple burglary and one for possession of heroin. This sentence was also affirmed on appeal. In *213 light of these cases we find no abuse of discretion on the part of the trial court.
Defendant's sole assignment is without merit.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
BARRY, J., concurs with reasons.
BARRY, Judge, concurs with reasons.
I agree with the majority opinion that the conviction and sentence should be affirmed.
However, State v. Forde, 482 So.2d 143 (La.App. 4th Cir.1986) and State v. Shelton, 490 So.2d 515 (La.App. 4th Cir.1986) are cases involving defendants who were sentenced as second felony offenders and are not relevant here.