# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 11-948

STATE OF LOUISIANA

VERSUS

MICHAEL WAYNE BELTON

**\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## TENTH JUDICIAL DISTRICT COURT
## PARISH OF NATCHITOCHES, NO. C17190, DIV. A
## HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\***

## JAMES T. GENOVESE
## JUDGE

**\*\*\*\*\*\*\*\*\***

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.

Pickett, J., concurs in the result and assigns written reasons.

### CONVICTION AFFIRMED. SENTENCE AFFIRMED AS AMENDED. REMANDED WITH INSTRUCTIONS. MOTION TO WITHDRAW GRANTED.

Edward K. Bauman
Louisiana Appellate Project
Post Office Box 1641
Lake Charles, Louisiana 70602-1641
(337) 491-0570
COUNSEL FOR DEFENDANT/APPELLANT:
    Michael Wayne Belton

Michael Wayne Belton
In Proper Person
299 Edwina Drive
Natchitoches, Louisiana 71457
DEFENDANT/APPELLANT

**Van H. Kyzar**
**District Attorney for the Tenth Judicial District**
**R. Stuart Wright, Assistant District Attorney**
**Post Office Box 838**
**Natchitoches, Louisiana 71458-0838**
**(318) 357-2214**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**GENOVESE, Judge.**

Defendant, Michael Wayne Belton, was charged by bill of information with simple burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2. On March 22, 2011, Defendant pled guilty as charged. As part of his plea agreement, Defendant agreed to pay a $500.00 fine plus costs, $500.00 to the Public Defender's Office, and $150.00 to the crime lab, all within six months of his release from prison; he also agreed to serve one year of his sentence without benefit of parole, probation, or suspension of sentence as statutorily mandated. Additionally, although Defendant waived his right to seek review of his conviction, he still could seek review of his sentence. In accordance with the plea agreement, the State agreed to not file a habitual offender bill against Defendant.

Defendant was sentenced on April 20, 2011, to serve twelve years at hard labor, without benefit of parole, probation, or suspension of sentence. On August 24, 2011, Defendant's sentence was amended to reflect that only one year of his sentence was to be served without benefit of parole, probation, or suspension of sentence. He was also given credit for time served.

Defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging there are no non-frivolous issues in this matter. Defendant has filed a pro se brief, alleging ineffective assistance of counsel.

## FACTS

On or about August 30, 2010, through September 14, 2010, Defendant committed simple burglary of an inhabited dwelling, a residence belonging to Sheena Hall.

# ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are three errors patent concerning Defendant's sentence that must be addressed.

Defendant pled guilty to simple burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2. For this offense, Defendant faced a hard labor sentence of not less than one year without benefit of parole, probation, or suspension of sentence, nor more than twelve years.

At the close of the guilty plea proceeding, the court imposed the "money portion" of Defendant's sentence as follows:

> You will be sentenced to pay . . . you are sentenced to pay the following to the Sheriff of Natchitoches Parish within six (6) months of your release from prison[,] in default of which serve an additional six (6) months in prison . . . [pay a] five hundred dollar[] ($500) fine and costs, [pay] five hundred dollars ($500) for the Public Defender's Office, [and pay] one hundred fifty [dollars] ($150) for the Crime Lab.

In *State v. Moore*, 93-1632, p. 3 (La.App. 3 Cir. 5/4/94), 640 So.2d 561, 563, *writ denied*, 94-1455 (La. 3/30/95), 651 So.2d 858, this court stated: "An illegal sentence is one not 'authorized or directed by law.' *State v. Johnson*, 220 La. 64, 55 So.2d 782 (1951)."

Initially, we note La.R.S. 14:62.2 does not authorize imposition of a fine. Accordingly, we find the imposition of a $500.00 fine and costs for Defendant's conviction of simple burglary of an inhabited dwelling was illegal. *See State ex rel. Culbertson v. Maggio*, 468 So.2d 1194 (La.1985). Additionally, for the reasons hereinafter set forth, we find the provision of Defendant's sentence requiring payment to the Public Defender's Office illegal as well.

In *State v. Lozado*, 594 So.2d 1063, 1067 (La.App. 3 Cir. 1992), this court noted:

Lastly, we bring to the sentencing court's attention the provisions of LSA-C.Cr.P. Arts. 895 and 895.1 which require that before the sentencing court orders the payment of a fee to defray the expenses of probation supervision and the making of restitution to the Indigent Defender Board, it must suspend defendant's sentence.

In *State v. Frith,* 561 So.2d 879 (La.App. 2 Cir.), *writ denied*, 571 So.2d 625 (La.1990), the defendant was convicted of simple burglary. He was sentenced to two years at hard labor and ordered to pay a $500.00 fine, $162.50 in restitution to the victim, $300.00 to the Indigent Defender Board, and all court costs. On appeal, on error patent review, the court held, in pertinent part:

> Second, LSA-C.Cr.P. articles 895 and 895.1 authorize restitution and payment to the indigent defender program as a condition of probation only when the trial court suspends the imposition or execution of sentence. *State v. Fluitt*, 482 So.2d 906 (La.App.2d Cir.1986); *State v. Starks*, 471 So.2d 1029 (La.App.1st Cir.1985). In this case, the trial court did not suspend the two year hard labor sentence. For this reason, the portion of the sentence ordering restitution and payment to the indigent defender program is illegal. Therefore, we further correct the sentence to delete that portion ordering restitution and payment to the indigent defender program. C.Cr.P. art. 882.

*Id*. at 883.

Louisiana Code of Criminal Procedure Article 895.1 provides, in pertinent part:

> B. When a court suspends the imposition or the execution of a sentence and places the defendant on probation, it may in its discretion, order placed, as a condition of probation, an amount of money to be paid by the defendant to any or all of the following:
>
> (1) To the indigent defender program for that court.
>
> (2) To the criminal court fund to defray the costs of operation of that court.
>
> (3) To the sheriff and clerk of court for costs incurred.
>
> (4) To a law enforcement agency for the reasonable costs incurred in arresting the defendant, in felony cases involving the distribution of or intent to distribute controlled dangerous substances.

In this case, the trial court did not suspend imposition or execution of Defendant's sentence and place him on probation; therefore, we find that the trial court lacked authority to order payment to the Public Defender's Office as part of the principal sentence. Accordingly, we amend Defendant's sentence, deleting the $500.00 fine and costs and the provision requiring the $500.00 payment to the Public Defender's Office. The trial court is instructed to note the amendment in its court minutes.

Additionally, the trial court erred in ordering Defendant, in the event of default of payment, to serve an additional six months in jail. In *State v. Major,* 03-249, pp. 2-3 (La.App. 3 Cir. 3/2/05), 898 So.2d 548, 550-51, this court explained in pertinent part:

> It is well-settled that "[a]n indigent person may not be incarcerated because he is unable to pay a fine which is part of his sentence. *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983)." *State v. Zabaleta*, 96-2449, p. 1 (La.3/7/97), 689 So.2d 1369. The need for incarceration raises an issue when fines or costs are not paid, because La.Code Crim.P. art. 884 requires that, when a trial court imposes a fine or costs, it must also impose a specified term of imprisonment in the event the defendant defaults on payment of the fine or costs. Because an indigent person may not be incarcerated for failure to pay a fine, the supreme court has vacated "the portion of . . . [a] sentence which provides for a jail term in the event of default of payment of a fine . . . ." *Zabaleta*, 689 So.2d 1369.

The record indicates that Defendant is indigent. During the pre-plea, guilty plea, and sentencing proceedings, he was represented by a court-appointed attorney; and, on appeal, he is represented by the Louisiana Appellate Project. This court finds these facts are presumptive evidence of indigence. *See State v. Jones,* 535 So.2d 3 (La.App. 4 Cir. 1988). Although we are amending the sentence to delete the fine and payment to the Public Defender's Office, the order to pay $150.00 costs for the crime lab (presumably court costs) still remains. Therefore, we likewise delete the portion of the sentence providing for a jail term in the event

4

of default of payment of costs. The trial court is instructed to note the amendment in its court minutes.

## *ANDERS* ANALYSIS

Pursuant to *Anders*, 386 U.S. 738, Defendant's appellate counsel has filed a brief stating that "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Further, "[a]fter a conscientious and thorough review of the trial court record," Defendant's appellate counsel could "find no non-frivolous issues to raise on appeal" or a trial court ruling "that arguably supports an appeal." Although Defendant received the maximum possible sentence, his appellate counsel believes this court would not find the sentence constitutionally excessive under the facts of Defendant's case. Accordingly, appellate counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D)[,] this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Pursuant to *Anders* and *Benjamin*, we have performed an independent, thorough review of the record, including pleadings, minute entries, the bill of information, and the transcripts. Defendant was properly charged by a bill of information and was present and represented by counsel at all crucial stages of the proceedings. He pled guilty to the charge and received a legal sentence with the exception of those issues discussed in the errors patent section of this opinion. We find there are no rulings which arguably support an appeal.

We will now address Defendant's pro se assignment of error.

## PRO SE ASSIGNMENT OF ERROR

By this assignment of error, Defendant disagrees with his appellate counsel's *Anders* brief wherein he states there are no non-frivolous issues to raise on appeal. Defendant asserts that he informed his appellate counsel about several issues related to the representation of his trial court defense counsel. Defendant claims "there was never enough evidence with which to convict him and that his [trial court defense counsel] knew the State's case was very weak." He maintains that "[a]n examination of not just the trial transcripts, but also of the State's evidence, would show that defense counsel's performance and advice fell below any reasonable standard of performance for criminal defense attorneys." Defendant then complains that his appellate counsel chose "to rely only on the plea and sentencing transcripts[,]" and he asks this court to order his appellate counsel to "research and fully brief [the] issue of ineffective assistance of counsel so that this [c]ourt can [render] a fair and informed ruling[.]"

In *State v. Savoy*, 10-1140, p. 23 (La.App. 3 Cir. 5/11/11), 64 So.3d 457, 471, this court explains:

> The issue of ineffective counsel is more appropriately addressed
> in an application for post-conviction relief where an evidentiary

6

hearing can be conducted at the trial court. *State in the Interest of A.B.*, 09-870 (La.App. 3 Cir. 12/9/09), 25 So.3d 1012. Where an ineffective assistance claim is raised on appeal, this court may address the merits of the claim if the record discloses sufficient evidence to rule on it. *Id.*

Defendant concedes that the issue of ineffective assistance of counsel lies outside the instant record. Further, we find the instant record does not contain sufficient evidence to determine whether his trial court defense counsel was ineffective. Additionally, Defendant provides no instances of the ineffectiveness of counsel. Accordingly, we find this issue should be relegated to post-conviction relief.

## DISPOSITION

Defendant's conviction is affirmed. Defendant's sentence is amended to delete the $500.00 fine and costs, the provision requiring the payment of $500.00 to the Public Defender's Office, and the portion of the sentence providing for a jail term in the event of default of payment. The trial court is instructed to note these amendments in its court minutes. Defendant's sentence, as amended, is affirmed. Defendant's appellate counsel's motion to withdraw is granted.

**CONVICTION AFFIRMED. SENTENCE AFFIRMED AS AMENDED. REMANDED WITH INSTRUCTIONS. MOTION TO WITHDRAW GRANTED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-948


STATE OF LOUISIANA

VERSUS

MICHAEL WAYNE BELTON


On Appeal from the Tenth Judicial District Court, Docket Number C17190, Division A, Parish of Natchitoches, State of Louisiana, Honorable Eric R. Harrington, Judge.

**O R D E R**

After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter;

IT IS HEREBY ORDERED that appellate defense counsel's motion to withdraw is granted.

THUS DONE AND SIGNED this _____ day of ____February____, 2012.

**COURT OF APPEAL, THIRD CIRCUIT**


_____
**Judge Jimmie C. Peters**


_____
**Judge Elizabeth A. Pickett**


_____
**Judge James T. Genovese**