NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

12-1297

STATE OF LOUISIANA

VERSUS

RAMON L. ELLENDER

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR2011-504
HONORABLE C. KERRY ANDERSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Billy H. Ezell, Judges.

CONVICTION AFFIRMED; SENTENCE
AFFIRMED AS AMENDED AND REMANDED
TO THE TRIAL COURT WITH INSTRUCTIONS;
AND MOTION TO WITHDRAW GRANTED.

David W. Burton
District Attorney
Richard A. Morton
Assistant District Attorney
Thirty-Sixth Judicial District
P.O. Box 99
DeRidder, LA 70634
(337) 463-5578
COUNSEL FOR APPELLEE:
        State of Louisiana

**Edward K. Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Ramon L. Ellender**

**Ramon L. Ellender**
**Iberia Parish Jail**
**3618 Broken Arrow**
**New Iberia, LA 70560**
**DEFENDANT/APPELLANT**
      **In Proper Person**

**PETERS, J.**

The State of Louisiana (state) charged the defendant, Ramon L. Ellender, with driving while intoxicated (DWI), fourth offense, a violation of La.R.S. 14:98. The defendant initially entered a plea of not guilty. Thereafter, he filed a motion to quash the bill of information charging him with the offense, asserting therein that two of the prior convictions listed on the bill of information were committed more than ten years prior to the present offense. After the trial court denied his motion, the defendant changed his plea to guilty as charged, but in doing so, he reserved his right to appeal the trial court's denial of his motion to quash per the holding in *State v. Crosby*, 338 So.2d 584 (La.1976). The trial court sentenced the defendant to serve ten years at hard labor, with the first two years to be served without benefit of probation, parole, or suspension of sentence. Additionally, the trial court ordered that the defendant pay a fine of $5,000.00 and to pay all court costs and other expenses.

After the trial court rejected his motion to reconsider his sentence, the defendant perfected this appeal. However, the defendant's counsel did not raise any assignments of error on behalf of the defendant. Instead, the defendant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), asserting that no non-frivolous issues exist on which to base an appeal and seeking to withdraw as the defendant's counsel. The defendant responded with a pro se brief wherein he raises four issues which he asserts have merit. For the following reasons, we affirm the defendant's conviction and grant his counsel's motion to withdraw, but amend the imposed sentence by deleting a portion of the court costs assessed.

## ERRORS PATENT

As we do in all appeals, we have reviewed this appeal for errors patent on the face of the record pursuant to La.Code Crim.P. art. 920. In reviewing this matter, we find one such error which relates to the imposition of sentence.

In sentencing the defendant, the trial court ordered that the defendant pay in addition to the fine and costs of court, the sum of $200.00 to the Public Defender's Office. In *State v. Frith*, 561 So.2d 879, 883 (La.App. 2 Cir.), *writ denied*, 571 So.2d 625 (La.1990), the second circuit held that "LSA-C.Cr.P. articles 895 and 895.1 authorize restitution and payment to the indigent defender program as a condition of probation only when the trial court suspends the imposition or execution of sentence." This court followed that holding in *State v. Bivens*, 11-156 (La.App. 3 Cir. 10/5/11), 74 So.3d 782, *writ denied*, 11-2494 (La. 3/30/12), 85 So.3d 115. *See also State v. Lozado*, 594 So.2d 1063 (La.App. 3 Cir.1992); *State v. Belton*, 11-948 (La.App. 3 Cir. 3/7/12), 88 So.3d 1159; and *State v. Duke*, 11-688 (La.App. 3 Cir. 2/1/12), 84 So.3d 722, *writ denied*, 12-373 (La. 9/21/12), 98 So.3d 324. That being the case, we amend the defendant's sentence to delete the provision regarding payment to the Public Defender's Office, and we instruct the trial court to note the amendment in the court minutes.

## *PRO SE ASSIGNMENTS OF ERROR*

In his brief to this court, the defendant raises a number of issues which can be summarized as follows: that the trial court should have granted his motion to quash because two of the three predicate offenses fell outside the ten-year cleansing period; that in one of the predicate offenses he was not advised of his *Boykin* rights; that he had ineffective assistance of counsel; and that he was not represented by counsel in the proceedings of one of the predicate offenses.

2

### Cleansing Period Issue

In his pro se brief, the defendant asserts that the ten-year cleansing periods for both his March 4, 1992 and November 4, 2000 offenses had lapsed. We find no merit in this argument. As pointed out by the defendant's counsel in his brief to this court, La.R.S. 14:98(F)(2) requires that in calculating the cleansing period, the court must consider the "periods of time during which the offender was awaiting trial, on probation or parole . . . under an order of attachment for failure to appear, or incarcerated in a penal institution[.]" La.R.S. 14:98(F)(2). The record before us clearly establishes that the ten-year period considered by that portion of the statute had not lapsed for either predicate offense. Although the defendant argues that the dates contained in the record are incorrect, he has not identified the correct dates or any error on the part of the trial court.

### Boykin Rights Issue

The defendant next asserts that the bill of information alleged a predicate conviction of May 30, 1996, in Docket Number 4309-93 in the Fourteenth Judicial District Court, for which he claims he was not advised of his rights pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969).[1] This issue was not raised in the trial court. Accordingly, this court will not consider it here. Uniform Rules—Courts of Appeal, Rule 1-3.

---

[1] We note that the bill of information, as amended, is incorrect as written. It refers to May 30, 1996, as the date of conviction, but the correct date is January 22, 1996. The sentencing occurred on May 30, 1996.

3

### Ineffective Assistance of Counsel Issue

The defendant next complains that his trial counsel was ineffective during the proceedings on the motion to quash by neglecting to enter several points in the record. This court has generally held that the issue of ineffective assistance of counsel should be raised through an application for post-conviction relief in order to have an evidentiary hearing. *State v. Teno*, 12-357 (La.App. 3 Cir. 11/7/12), 101 So.3d 1068. This is because, on appeal, we will not address the merits of the claim absent sufficient evidence in the record. *Id.* Here, the record contains insufficient evidence for us to determine whether the defendant's trial counsel was ineffective in his handling of the motion to quash. Thus, we will not consider the issue at this time.

### Lack of Attorney at Predicate Offense Proceeding Issue

Finally, the defendant argues that he was unrepresented by counsel when he pled guilty to the first DWI on July 22, 1992.[2] This issue was also not raised in the trial court. Accordingly, this court will not consider it here. Uniform Rules—Courts of Appeal, Rule 1-3.

### ANDERS ANALYSIS

The defendant's appellate counsel has requested the permission of this court to withdraw from representing the defendant by filing an *Anders* brief, in which he alleges the absence of any non-frivolous issues on which the defendant could base an appeal.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the analysis based on *Anders*, 386 U.S. 738, 87 S.Ct. 1396:

---

[2] The defendant erroneously refers to the date his plea was taken as July 2, 1992.

4

When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

In endorsing this holding, the Louisiana Supreme Court stated that while it is not necessary for counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" counsel's *Anders* brief "must 'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1983); quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 1903 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241. Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

5

Pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396, and *Jyles*, 704 So.2d 241, the defendant's appellate counsel filed a brief citing two potential errors for appeal. First, counsel considered the argument concerning the cleansing period as it pertained to the defendant's 1992 conviction. Counsel catalogued the pertinent dates and concluded that the cleansing period had not run.

Next, counsel considered an excessive sentence argument. He determined that the sentence imposed was in accordance with the plea agreement; thus, it is not subject to review on appeal. La.Code Crim.P. art. 881.2(A)(2). Additionally, the sentence imposed is the minimum sentence for this offense. La.R.S. 14:98(E)(1)(a).

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including the charging instrument, pleadings, minute entries, and transcripts. Other than the error pertaining to the assessment of a payment to the Public Defender's Office, our review has revealed no issues that would support an assignment of error on appeal. Accordingly, we grant counsel's motion to withdraw from representing the defendant.

## DISPOSITION

We amend the defendant's sentence to delete the requirement that he pay $200.00 to the Public Defender's Office, and remand the matter to the trial court with instructions to note the amendment in the court minutes. We affirm the defendant's conviction and sentence in all other respects. Finally, we grant defendant's appellate counsel's motion to withdraw from representing the defendant.

**CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED AND REMANDED TO THE TRIAL COURT WITH INSTRUCTIONS; AND MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.