**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**20-96**

**STATE OF LOUISIANA**

**VERSUS**

**ALJERMON HENDERSON**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 341,300
HONORABLE LOWELL C. HAZEL, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN E. CONERY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, John E. Conery, and D. Kent Savoie, Judges.

**AFFIRMED IN PART, AMENDED IN PART; AND REMANDED WITH INSTRUCTIONS.**

**Paula C. Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, Louisiana 70598-2389**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **Aljermon Henderson**

**J. Phillip Terrell, Jr.**
**District Attorney**
**Catherine L. Davidson**
**Assistant District Attorney**
**9th Judicial District Court**
**Post Office Box 7358**
**Alexandria, Louisiana  71306-7358**
**(318) 473-6650**
**COUNSEL FOR STATE/APPELLEE:**
        **State of Louisiana**

**CONERY, Judge.**

The State charged Defendant Aljermon Henderson with one count of armed robbery and one count of possession of a firearm by a convicted felon. After the start of his jury trial, Defendant changed his plea and pled guilty as charged. The trial court ordered and subsequently received a Pre-Sentence Investigation (PSI) for Defendant prepared by the Department of Corrections. Defendant was ultimately sentenced to fifty years at hard labor, without benefit of probation, parole or suspension of sentence for armed robbery, and fifteen years at hard labor, also without benefit of probation, parole and suspension of sentence for possession of a firearm by a convicted felon, plus a mandatory fine of $1,000 in default of which he was to serve an additional one year. The two sentences were to run concurrently. For the following reasons, we affirm in part, amend in part, and remand with instructions to the trial court.

## FACTS AND PROCEDURAL HISTORY

*Facts*

On October 13, 2018, the victim was walking home from his neighbor's house when he was the target of an armed robbery. After the Defendant entered his voluntary guilty plea to both charges described above, the trial court, at the request of defense counsel and without objection from the State, held a hearing in order to receive victim impact statements and defense evidence. At that hearing, the victim described the armed robbery as follows:

> I just felt an arm go around my neck and, at first, my reaction was it was one of my neighbors, you know, but then when I turned and looked, I saw Mr. Henderson's face and I saw … the gun pointed at my head. I could tell the gun wasn't a, a very pristine weapon and I worked for EMS for a long time, and I know that gunshot wounds to your head are -- you don't survive those. And, at that point, I knew I had to get away.

I struggled, screamed, everything went into slow motion for me, and I knew that if I could get away and just run I had a better chance of living and I might be able to take a, a shot to the leg or to my back but anywhere but my head. Uh, I did get away. I ran and when I got to my driveway, I ran across my neighbor, the Drell's yard, and I got to my driveway, and I turned up toward my carport, and when I turned around and looked, he was still in pursuit chasing me. I got to my back porch and fell, and he was over me with the gun again, and I saw my money clip had some cash in it and it was on the ground. I said please don't kill me. Please don't kill me. And `cause I -- at that point, I thought that's what he was gonna do because he continued to pursue. It didn't seem like a simple robbery anymore. And, uh, he took it. He took my money clip and took off[.] [M]y neighbor, Daniel, had heard me screaming and everything going on…when I was on the back porch, I started thinking I can't go into the house `cause my wife's in there and he'll have all of us but, uh, when I did get into the house, I screamed to my wife, you know, call 911. Call 911.

At the December 2, 2019 sentencing hearing, the trial court sentenced Defendant to fifty years at hard labor for armed robbery without benefits and to fifteen years at hard labor without benefits for possession of a firearm by a convicted felon, to run concurrently. On conviction of possession of a firearm by a convicted felon, the trial court also imposed a $1000 fine and ordered one year default jail time.[1]

Defendant timely filed a pro se "Motion and Order to Reconsider Sentence Pursuant to Louisiana Code of Criminal Procedure Article 881.1," which alleged ineffective assistance of counsel and excessiveness of the sentence.[2] Regarding the excessiveness of the sentence, Defendant stated that, "the fifty (50) year sentence is excessive, especially in lieu of the plea agreement and the misinformation from defense attorney that induced the guilty plea." Defendant did not specify the

---

[1] The trial court's failure to properly include the $495 in court costs is fully addressed in the Errors Patent portion of this opinion.

[2] Defendant's motion contested the sentence for armed robbery only.

2

misinformation from defense counsel that induced the guilty plea. The trial court denied the pro se motion for reconsideration.

Defense counsel also filed a "Motion to Reconsider Sentence with Incorporated Memorandum," which alleged the trial court did not properly consider the sentencing guidelines of La.Code Crim.P. art. 894.1. Defendant filed another pro se "Motion and Order to Reconsider Sentence Pursuant to Louisiana Code of Criminal Procedure Article 881.1," which was virtually identical to his original pro-se motion. The trial court denied all motions for reconsideration. The Defendant timely appealed.

*Assignments of Error*

Defendant assigns the following as error to this court:

> 1.    The trial court imposed a constitutionally excessive sentence of fifty years at hard labor for this young offender who accepted responsibility and pled guilty to armed robbery.
>
> 2.    The trial court erred in imposing a $1000 fine and ordering default time of one year on Aljermon Henderson, an indigent person.

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After a review of the record, we find there is an error patent concerning Defendant's sentence for felon in possession of a firearm, which is raised and discussed in Defendant's second assignment of error.

Also, the court minutes of Defendant's sentencing hearing require correction. The minutes reflect that the court imposed court costs of $495 to be paid by December 2, 2019. However, this portion of Defendant's sentence is not reflected in the sentencing transcript. If there is a conflict between the minutes and the

transcript, the transcript prevails. *State v. Wommack*, 00-137 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Accordingly, this court orders that the court minutes of sentencing be corrected to delete the provision requiring the payment of court costs in the amount of $495 by December 2, 2019.

## LAW AND DISCUSSION

*Standard of Review*

In *State v. Rexrode*, 17-457, pp. 3-4 (La.App. 3 Cir. 11/15/17), 232 So.3d 1251, 1253-54 (alterations in original), this court stated:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43 (citing *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99), 746 So.2d 124, *writ denied*, 00-165 (La. 6/30/00), 765 So.2d 1067).
>
> ….
>
> "[Louisiana] Const. art I, § 20, guarantees that, '[n]o law shall subject any person to cruel or unusual punishment.'" *Barling*, 779 So.2d at 1042-43. "To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering." *Id.* at 1042 (citing *State v. Campbell*, 404 So.2d 1205 (La.1981)).
>
> The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *Barling*, 779 So.2d at 1042-43 (citing *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996)). In reviewing the defendant's sentence, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99–433 (La. 6/25/99), 745 So.2d 1183. "[T]he appellate court must be mindful

that the trial court is in the best position to consider the aggravating and mitigating circumstances of each case. . . ." *State v. Williams*, 02-707 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095, 1100 (citing *Cook*, 674 So.2d 957).

*October 30, 2019 Hearing - Victim and Defense Statements*

On October 30, 2019, the trial court held a hearing at which it received victim impact and defense statements. Ms. Delores Brewer, a neighbor of the victim, testified regarding the impact the crime had on the very close-knit community. The victim then read a statement on behalf of his wife. In her statement, the victim's wife stated she remembered realizing her husband could have been killed, that their evening walks were different because her husband constantly analyzed everything and everyone, and that her husband had not slept well since the robbery.

The victim then recounted the armed robbery, which is described in detail in the factual portion of this opinion. The victim further testified; he did not sleep the night of the robbery but that "was just the first of many nights that I wouldn't be sleeping for a good while." He testified he and his wife walked their dogs every afternoon, and his head "was on a swivel." When a friend walked up behind him in a restaurant to give him a hug, he had to leave the restaurant because "it brought back the exact same feeling that I had that night." Each morning, the victim testified that he checks the Sheriff's Department's website to make sure Defendant was still incarcerated. If the website was down, it made him nervous. The victim impact statements and recordings were introduced into the record of the proceedings.

Defendant's grandmother and father gave statements on Defendant's behalf. His grandmother stated she was proud of Defendant for admitting his guilt; she apologized to the victim's family. She stated Defendant's "mind was altered[.]"

5

Defendant's father is a minister and stated Defendant was under the influence at the time of the crime. He asked the trial court not to be too harsh on his son.

Defendant also gave a statement in which he apologized to the victim, the judge, the district attorney, the judicial system, and his family for his actions. He stated, "Drugs have always been a problem in my . . . life." He stated he was under the influence of drugs when he committed all of his crimes, and he had never received any type of help for his addiction. He then spoke of his efforts at rehabilitation since being incarcerated. The trial court set Sentencing for December 2, 2019.

*December 2, 2019 Sentencing Hearing*

The trial court began by allowing counsel for both the State and Defendant to present argument regarding the relevant aggravating and mitigating factors that the trial court should consider in sentencing Defendant, more particularly for the armed robbery charge. The trial court continued by reviewing the procedural history of the case and the previous hearing held in October 2019 to record the victim impact and defense statements.

The trial court indicated that Defendant plead guilty to La.R.S. 14:64, wherein a person convicted of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence. Further, pursuant to La.R.S. 14:2 armed robbery is a crime of violence. Additionally, the trial court stated that Defendant also plead guilty to the charge found in La.R.S. 14:95.1, felon in possession of a firearm, which requires imprisonment at hard labor for not less than five nor more than twenty years without benefit of probation, parole, or suspension of sentence and a fine of not less than one thousand dollars nor more than five thousand dollars.

6

After having Defendant sworn, the trial court questioned Defendant regarding his age, level of education, employment history, family support obligations, mental health issues, and substance abuse issues. The trial court then discussed Defendant's extensive criminal history.

*Pre-Sentence Investigation Report*

The PSI ordered by the trial court was introduced into evidence and indicated the following social history: Defendant was raised by his grandparents, his grandfather was an alcoholic and physically abused Defendant, he has an eighth-grade education, and he has attention deficit disorder.

Defendant's criminal history is also reflected in the PSI. On October 27, 2010, Defendant pled guilty to possession of a schedule II controlled dangerous substance. His probation was terminated unsatisfactorily on August 27, 2012. On January 17, 2012, Defendant pled guilty to unauthorized use of a motor vehicle. On December 18, 2013, Defendant pled guilty to second degree battery and possession of a schedule II controlled dangerous substance. On November 7, 2014, Defendant pled guilty to simple battery. Lastly, on July 23, 2018, Defendant pled guilty to attempted possession of a firearm by a convicted felon.[3]

The trial court further found that the Office of Probation and Parole classified Defendant "as a third class offender and that depends on how you count – for purposes you can count separately … convictions … or if you want to put them in … the same transaction or occurrence."

Ultimately, the trial court stated as follows:

> The Court went through the sentencing factors under 894.1 and that's found in the Code of Criminal Procedure Article 894.1 noting in particular defendant's crimes constituted deliberate cruelty

---

[3] The list of offenses does not include those which were dismissed or nolle prossed.

to the victim. The victim was vulnerable. Defendant used threats
or actual violence in commission of the offense. Defendant used a
firearm. Court found no mitigating factors.

The trial court then sentenced Defendant to fifty years at hard labor on Count One, armed robbery. The sentence was to be served without benefit of probation, parole, or suspension of sentence. The trial court also stated that armed robbery was a crime of violence designated as such in La.R.S. 14:2.

*Assignment of Error One - Constitutionally Excessive Sentence of Fifty Years*

In his first assignment of error, Defendant contends the trial court imposed a constitutionally excessive sentence of fifty years without benefits for armed robbery, especially when considering Defendant's youth and the fact that he accepted responsibility for his crime. Defendant was sentenced to a fifty year sentence, which was slightly over the mid-range.

In his appellate brief, Defendant contends his young age is a mitigating factor. He points out he has two children to support; he admitted his guilt; he expressed remorse; he has a drug problem, which is at the root of all his criminal conduct; he has an eighth grade education; he comes from a broken home and was abused as a child; and he has found religion and has begun the rehabilitative process during his incarceration.

The State, in its appellate brief, correctly notes Defendant, a twenty-seven-year-old, is an adult, not a juvenile, offender. Additionally, the State notes Defendant has never sought treatment of any kind for his "self-professed drug addiction." The State then remarked on Defendant's criminal history.

The State criticized Defendant's downplaying of the injuries sustained by the victim when Defendant pointed out the victim sustained only minor injuries when he slipped and fell, but no serious physical injury occurred. It is clear from the

8

victim's impact statement that the victim suffered significant psychological injuries as a result of the crime. He clearly was in a fight for his life when he escaped and ran to his back door, only to have Defendant follow and threaten him once again with the weapon.

*Discussion*

One of the cases cited by the trial court was particularly relevant. *State v. Jackson*, 14-9 (La.App. 3 Cir. 6/18/14), 146 So.3d 631, *writ denied*, 14-1544 (La. 2/27/15), 159 So.3d 1066, involved a fifty-year sentence, fifteen of which were to be served without benefits, imposed on a forty-six-year-old defendant who had a lengthy juvenile record and was considered to be a third-felony, adult offender. The defendant and co-defendant robbed an Olive Garden. They walked in and held the employees at gunpoint, and took money from the safe. In *Jackson*, this court stated:

> According to our supreme court, sentences "within the thirty-five to fifty-year range . . . [are] acceptable for first offenders convicted of armed robbery." *State v. Smith*, 01-2574, p. 7 (La.1/14/03), 839 So.2d 1, 4. Additionally, the Louisiana Supreme Court has described armed robbery as a "pernicious offense" which "creates a great risk of emotional and physical harm to the victim, to witnesses, and, at times, even to the offender." *State ex rel. Sullivan, Sr. v. Maggio,* 432 So.2d 854, 856 (La.1983). Considering the seriousness of an armed robbery offense in general, the seriousness of the armed robbery offense committed in the present case, and Defendant's prior criminal history, we find that the trial court did not abuse its discretion in its imposition of sentence.

*Jackson*, 146 So.3d at 641 (alteration in original).

In *State v. Smith*, 516 So.2d 210 (La.App. 4 Cir. 1987), the defendant, a twenty-five-year old, was sentenced to fifty years for armed robbery. The armed robbery occurred after the victim offered the defendant a ride. A few blocks later, the defendant put a gun to the victim's head and car-jacked the vehicle, which was recovered the following day by the victim in the Desire Housing Project. The

9

defendant had a criminal history which included a conviction for aggravated battery and arrests for simple battery, theft, possession of stolen property, and disturbing the peace. The fourth circuit found the trial judge adequately complied with La.Code Crim.P. art. 894.1 and stated:

> Once adequate compliance with C.Cr.P. art. 894.1 is found, the sentence imposed will not be set aside in the absence of an abuse of the trial judge's sentencing discretion. *State v. Quebedeaux,* [424 So.2d 1009 (La.1982)]. In determining whether the judge abused his discretion and imposed an unconstitutionally excessive sentence, it is appropriate to compare the sentence imposed in this case to sentences imposed in other cases with similar circumstances and involving defendants with similar characteristics. *State v. Brogdon,* [457 So.2d 616 (La.1984), *cert. denied*, 471 U.S. 1111, 105 S.Ct. 2345 (1985)].

*Smith,* 516 So. 2d at 212.

Prior to imposing sentence on Defendant, the trial court cited the following cases with similar circumstances and sentencing ranges in which a defendant's claim of excessive sentence had been denied by various appellate courts:

In *State v. Barnes*, 15-268 (La.App. 5 Cir. 11/19/15), 179 So.3d 885, the defendant was sentenced to twenty-five years for armed robbery and ten years for possession of a firearm. The trial court noted that the defendant and co-defendant in that case robbed "a Dollar General Store with a gun, … and the defendant took a plea."

In *State v. Harris*, 18-800 (La.App. 3 Cir. 6/5/19), 274 So.3d 178, *writ denied*, 19-1107 (La. 3/9/30), 294 So.3d 486, the trial court imposed a forty year sentence for armed robbery and ten years for possession of a firearm by a convicted felon. The defendant in *Harris*, wearing a sweatshirt with a hood, approached a delivery driver at an early morning hour and demanded the driver's work bag, wallet, and phone.

In *State v. Pollard*, 12-346 (La.App. 5 Cir. 12/18/12), 106 So.3d 1194, *writ denied*, 13-140 (La. 6/21/13), 118 So.3d 408, the trial court imposed a sentence of fifty years for the defendant's armed robbery conviction and a sentence of ten years for possession by a felon of a firearm. *Pollard* involved an early morning offense in which the defendant approached the victim outside of her apartment and asked for her purse. When the victim replied that she had nothing in her purse, the defendant pulled a gun, shoved the victim to the ground, pulled the trigger, and placed the gun in the victim's side. When the victim yelled, the defendant fled with the purse.

Finally, in *State v. Rodas*, 15-792 (La.App. 5 Cir. 9/22/16), 202 So.3d 518, *writ denied*, 16-1881 (La. 9/6/17), 224 So.3d 980, the trial court imposed a sentence of seventy-five years on a defendant convicted of armed robbery, and a sentence of twenty years was imposed on the charge of felon in possession of a firearm. In *Rodas*, the defendant and a co-defendant approached the elderly victim, asking to use her telephone. The co-defendant, a juvenile, pulled a gun and demanded the victim's purse. The two entered the victim's home, where they took two televisions, a computer, the victim's purse, and debit cards. The victim explained that she had lasting effects from the incident.

Prior to sentencing Defendant, the trial court in this case allowed counsel to present argument regarding the mitigating and aggravating factors related to Defendant's charge of armed robbery. The trial court then listed several applicable aggravating factors, but stated it found no mitigating factors. As noted in *Smith*, 516 So.2d 212, it is appropriate for an appellate court to compare the sentence imposed in this case to sentences imposed in other cases with similar circumstances and involving defendants with similar characteristics in determining whether the trial court abused its discretion.

The cases of *Jackson*, *Smith*, and *Rodas*, as well as the other cases cited by the trial court, demonstrate there was no abuse of the trial court's discretion in sentencing this twenty-seven-year old adult, third felony offender, who robbed the victim while pointing a gun to his head, to fifty years for armed robbery. Defendant's assignment of error one is without merit.

*$1,000 Fine - Possession of A Firearm By A Convicted Felon*

In Defendant's second assignment of error, Defendant contends the trial court erred in imposing a $1,000 fine and ordering a default term of one year for his conviction for possession of a firearm by a convicted felon. The crime of possession of a firearm by a convicted felon requires the imposition of a fine of not less than $1,000 nor more than $5,000. La.R.S. 14:95.1(B). The trial court imposed the mandatory minimum fine of $1,000, and based on Defendant's incarceration and inability to pay, the trial court imposed a default term of one year, noting that the sentences were to run concurrently with each other and would "include the default time for … the fine." *See State v. Holloway*, 10-74 (La.App. 3 Cir. 10/6/10), 47 So.3d 56.

In *State v. Major*, 03-249, (La.App. 3 Cir. 3/2/05), 898 So.2d 548, 550-51, the court explained, "It is well-settled that '[a]n indigent person may not be incarcerated because he is unable to pay a fine which is part of his sentence. *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983).' *State v. Zabaleta*, 96-2449, p. 1 (La.3/7/97), 689 So.2d 1369." Despite the fact that La.Code Crim.P. art. 884 requires the trial court to impose a specific term of imprisonment when it imposes a fine or costs that are not paid, an indigent person may not be incarcerated for failure to pay a fine. Therefore, "the supreme court has vacated 'the portion of . . . [a]

12

sentence which provides for a jail term in the event of default of payment of a fine. . . .' *Zabaleta*, 689 So.2d 1369." *Id.* at 551.

Nevertheless, the panel in *Major* continued its analysis and cited *State v. Dickerson,* 579 So.2d 472, 483 (La.App. 3 Cir.), *writ granted on other grounds*, 584 So.2d 1140 (La.1991), which also involved a case where a mandatory fine was imposed on an indigent defendant. The *Dickerson* panel held that:

> [T]hat a sentence imposing a fine upon an indigent defendant, which does not provide for a jail term in the event of default of payment of the fine imposed, is a legal sentence under the laws of the State of Louisiana. For this reason, we find that the trial court's imposition of a fine upon the indigent defendant in this case, which did not provide for a jail term in the event of default of payment of the fine, is not excessive and is not an illegal sentence.

*Dickerson*, 570 So.2d at 483.

Recognizing *Dickerson*, the *Major* panel found that, despite the trial court's determination that the defendant was indigent and thus unable to pay a fine, it "should have imposed the mandatory fine but without imposing default time under La.Code Crim.P. art. 884. The imposition of a fine without default time would at least allow the State to enforce collection of the fine in the same manner as a money judgment in a civil case. *See* La.Code Crim.P. art. 886; *State v. Conley*, 570 So.2d 1161 (La.1990)." *Major*, 898 So.2d at 551.

In *State v. Belton*, 11-948 (La.App. 3 Cir. 3/7/12), 88 So.3d 1159, the record on appeal indicated that the defendant was indigent based on his representation by a court appointed attorney during the proceedings in district court and on appeal by the Louisiana Appellate Project. The *Belton* panel found "these facts [were] presumptive evidence of indigence[,]" and deleted "the portion of the sentence providing for a jail term in the event of the default of payment of costs." *Id.* at 1162.

The appellate court also instructed the trial court to note the amendment in its court minutes. *Id.*

Defendant in this case was represented by appointed counsel at the trial court proceedings and is represented by the Louisiana Appellate Project on appeal, therefore he is considered indigent based on the appellate court's findings in *Belton*. *Id.* Accordingly, for the reasons previously discussed in *Major* and *Belton*, this court deletes the portion of Defendant's sentence requiring he serve a default term of one year of imprisonment, but maintains his sentence imposing a mandatory fine of $1,000. Further, we instruct the trial court to note the amendment in its court minutes.

## DECREE

For the following reasons, we affirm Defendant's conviction and sentence for armed robbery. We also amend Defendant's sentence imposed for his conviction of felon in possession of a firearm to delete the portion requiring Defendant serve a default term of one year of imprisonment, maintain the imposition of the mandatory $1,000 fine, and instruct the trial court to note the amendment in its court minutes. We further instruct that the trial court's minutes of the sentencing be corrected to delete the payment of court costs in the amount of $495 by December 2, 2019.

**AFFIRMED IN PART, AMENDED IN PART, AND REMANDED WITH INSTRUCTIONS.**