535 So.2d 3 (1988)
STATE of Louisiana
v.
Percy L. JONES and Kenneth K. Johnson.
No. 88-KA-0361.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1988.
*4 John F. Rowley, Dist. Atty., Glen E. Diaz and Walker H. Drake, Jr., 34th Judicial Dist., Chalmette, for plaintiff-appellee.
Harry E. Cantrell, Jr., New Orleans, for defendant-appellant Percy L. Jones.
Michael F. Escudier, Indigent Defender's Bd., Chalmette, for defendant/appellant Kenneth K. Johnson.
Before SCHOTT and LOBRANO, JJ., and HUFFT, J. Pro Tem.
SCHOTT, Judge.
Defendants Kenneth Johnson and Percy Jones, were convicted of attempted simple burglary (LSA-R.S. 14:27 and 14:62) and were each sentenced to two years at hard labor and to pay costs or serve an additional thirty days in default of payment.
On January 7, 1987 at about 1:00 a.m. Patrick Fried was on the phone in his home when he heard a loud noise outside like an automobile running without a muffler. He looked out and saw two men trying to break into his car parked in his driveway. One was attempting to pry open the front door on the driver's side while the other was trying to remove the louvers from the back window. Fried went outside to investigate and the two burglars fled on foot' After he chased them for a short distance they escaped and he turned back toward his home. On his way he saw a police car, he stopped it, and he told the policemen what had happened giving them a description of the men as to clothing, height, and weight. About five minutes later the police returned to Fried's house and said that three men had been stopped a few blocks away. They took Fried to the men and he identified defendant Johnson and one Steven Matthews as the ones who tried to break into his automobile. Fried did not identify the third man, defendant Jones.
Detective Theriot and a partner were on patrol in an automobile at about 1:00 a.m. on January 7 when they received a radio message of an attempted auto burglary at Fried's address. Shortly afterwards they received another radio call that there were three negro males in the vicinity in a late model blue car with a loud muffler. A minute later Theriot saw a car with a loud muffler speeding in the vicinity. This was just a few blocks away from Fried's house. They stopped the car, had the three occupants step out, and got their identification. Jones was the driver of the car. A few minutes later another police car brought Fried to the scene and he identified Johnson and Stevens as the burglars. On the floor of the car the officer found a number of tools of the type used in an automobile burglary.
On appeal Johnson asks only for a review of the record for errors patent. In this review we found only one such error in that he was sentenced to jail time in default of the payment of costs even though he has been represented at all times by the parish Indigent Defender's Office. Under these circumstances the sentence must be amended to delete this extra jail term, State v. Ellzey, 496 So.2d 1090 (La.App. 4th Cir.1986). We have also reviewed the *5 record for errors patent in behalf of defendant Jones and found none. We note that he is defended by private counsel and is not presumed to be indigent as is Johnson. In his appeal Jones assigns four errors for our consideration.
By his first assignment he contends he was prejudiced by the trial court's jury instruction on circumstantial evidence which is as follows:
Evidence is either direct or circumstantial. Direct evidence is evidence which, if believed, proves a fact. Circumstantial or indirect evidence is evidence which, if believed, proves a fact, and from that fact you may logically and reasonably conclude that another fact exists. You cannot find the defendants guilty solely on circumstantial evidence unless the facts proved by the evidence exclude every reasonable hypothesis of innocence.
Defendant argues that the second paragraph gave the jury the implication that the exclusion-of-every-reasonable-hypothesis-of-innocence standard of proof for circumstantial evidence does not apply where there is a combination of direct and circumstantial evidence, whereas the standard does apply to every fact sought to proved by circumstantial evidence whether or not any direct evidence is presented. We agree with the opinion of our brethren on the Fifth Circuit that the instruction, which is contained in Louisiana Jury Instructions, Criminal-Civil Section 3.6, taken as a whole, is not prejudicial. State v. Butler, 462 So.2d 1280 (La.App. 5th Cir.1985). This assignment lacks merit.
By his second assignment defendant claims prejudice from another portion of the jury instructions as follows: "You may assume that the defendants intended the natural and probable consequences of their acts." He argues that this violated his right to due process because it created a presumption of specific intent and wrongfully shifted the burden of proof as to intent from the state to the defense. He alternatively argues that if this instruction did not create a presumption of intent, it did at least, provide a permissible inference. He contends this was prejudicial under this case's facts where the defendant was being tried as a principal who was not identified as being on the scene of the crime and whose automobile was likewise not placed on the scene.
The clear wording of the instruction conveys the notion of a permissible inference, not a presumption. Such a permissible inference is allowed when there is a rational connection between the established facts and the fact to be inferred and when the latter is more likely than not to flow from the former, State v. Johnson, 406 So.2d 153, 156 (La.1981). In this case the state established that Jones was apprehended with Matthews and Johnson a few minutes after they were caught in the act of attempted burglary and fled and the apprehension took place only a short distance from where Matthews and Johnson were last seen. Defendant's automobile, like the one Fried heard just before the attempt was made, had no muffler, and in the back of defendant's car an array of tools commonly used in automobile burglaries was found. There is a rational connection between these facts and the inference that Jones intended to commit simple burglary. Such inference more likely than not flows from the facts established by the state. This assignment is without merit.
Defendant's third assignment is based upon Detective Theriot's testimony timely objected to as hearsay, that he received a report on his radio that three individuals were seen in the neighborhood in a late model blue car with a loud muffler. Hearsay is a statement by an out of court witness offered to prove the truth of the statement. Theriot's testimony concerning the report was purely introductory and explanatory as to his following activities. It was not offered to prove that the facts contained in the report were true. In any event, moments after the report was received Theriot apprehended the three in the neighborhood of the crime in a late model blue car with a loud muffler. The victim positively identified Matthews and Johnson. Defendant was the driver. Clearly, if the testimony concerning the report was inadmissible hearsay its admission constituted harmless error. This assignment is meritless.
*6 By his final argument of error defendant contends that the trial court erred in denying his post verdict judgment of acquittal because the state failed to prove that the defendant, as an alleged principal, to the crime had the necessary criminal intent. In considering a motion for post verdict judgment of acquittal under C.Cr.P. art. 821 the trial court reviews the evidence under the same standard as does the appellate court which considers whether or not the evidence is sufficient to support the conviction. The court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each essential element of the crime charged; and when circumstantial evidence forms the basis of the conviction the rational trier of fact could have excluded every reasonable hypothesis of innocence. Applying these standards, the evidence against defendant is sufficient to prove that defendant intended to commit the crime of simple burglary and the evidence does not allow for any other reasonable hypothesis. This assignment has no merit.
Accordingly, both convictions and sentences are affirmed and Johnson's sentence is amended to delete the extra jail time in default of payment of costs.
AMENDED AND AFFIRMED.