# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1112


STATE OF LOUISIANA

VERSUS

EDWARD N. WIDE


************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 6577-07
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

************

## DAVID E. CHATELAIN*
## JUDGE

************

Court composed of Sylvia R. Cooks, James T. Genovese, and David E. Chatelain, Judges.


**AFFIRMED.**


**John F. DeRosier**
**District Attorney**
**Carla S. Sigler**
**Assistant District Attorney**
**1020 Ryan Street**
**Lake Charles, Louisiana  70601**
**(337) 437-3400**
**Counsel for:**
**State of Louisiana**

---

*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**G. Paul Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, Louisiana  70598-2389**
**(337) 237-2537**
**Counsel for Defendant/Appellant:**
       **Edward N. Wide**

**CHATELAIN, Judge Pro Tempore.**

The defendant appeals, asserting that his sentence for identity theft over $1000 is excessive. We affirm.

## FACTS

On March 21, 2007, the defendant, Edward N. Wide, was charged by bill of information with identity theft over $1000, a violation of La.R.S. 14:67.16. He pled guilty to the charge on June 27, 2008, in exchange for the State's agreement not to prosecute him as a habitual offender. *See* La.R.S. 15:529.1.

At his sentencing hearing, the defendant admitted that he attempted to use false identification bearing the victim's name, John Zolinger, III, to withdraw $4400 from the victim's savings account at a Whitney National Bank in Calcasieu Parish. The trial court sentenced him to ten years at hard labor with credit for time served. He filed a motion to reconsider sentence, urging that his sentence is unconstitutionally excessive; the motion was denied. He then perfected this appeal.

## EXCESSIVE SENTENCE

The defendant argues, as he did in his motion to reconsider sentence, that his sentence is excessive.[1] He claims in brief to this court that his conduct amounts to an

_____

[1]Even though the defendant does not specify this as an assignment of error, he asserts that the State did not set forth a factual basis for his guilty plea at the time that he entered his plea or when he was sentenced. However, our review of the record shows that the State outlined the following facts during the proceeding at which the defendant pled guilty:

> Next is Edward Wide. January 26, 2007, he entered the Whitney Bank here in Calcasieu Parish and using the name John Zolinger, III, had a fake ID, a Texas ID.

> He attempted to withdraw $4400 from the victim's savings account. The victim had apparently been pick-pocketed while at a game at the dome sometime earlier than this.

attempt, not a theft, because he was arrested before the bank transferred any funds to him.[2]

The defendant did not identify any specific ground in his motion to reconsider sentence. He merely stated that his "sentence is unconstitutionally excessive." The defendant's failure to set forth a specific ground for his motion to reconsider resulted in only a claim of constitutional excessiveness being preserved for appellate review. *See* La.Code Crim.P. art. 881.1(E). *See also*, *State v. Mims*, 619 So.2d 1059 (La.1993); *State v. West*, 01-969 (La.App. 3 Cir. 12/12/01), 801 So.2d 619. Therefore, the defendant's claim that his sentence is excessive because his conduct amounted to an attempted theft, not a theft, was not preserved for review on appeal.

The offense of identity theft when the thing of value amounts to $1000 or more is punishable by imprisonment "with or without hard labor, for not more than ten years, or [a fine of] not more than ten thousand dollars, or both." La.R.S. 14:67.16(C)(1). Thus, although the defendant did not receive a fine, he received the maximum prison sentence allowed for this crime.

In *State v. Barling*, 00-1241, 01-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, this court set forth the standard for reviewing excessive sentence claims:

> [Louisiana Constitution Article 1], § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute

---

[2]Identity theft is defined as:

> [T]he intentional use or possession or transfer *or attempted use* with fraudulent intent by any person of any personal identifying information of another person to obtain, possess, or transfer, whether contemporaneously or not, credit, money, goods, services, or any thing else of value without the authorization or consent of the other person.

La.R.S. 14:67.17(B) (emphasis added).

2

an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Thereafter, in *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, this court addressed the analysis used when deciding whether a sentence shocks our sense of justice or makes no meaningful contribution to acceptable penal goals, explaining:

[A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

When sentencing the defendant in the present case, the trial court observed, after reviewing the presentence investigation report, "I can't let you stay out on the streets. You get in trouble every time you turn around." As reflected in the record, the defendant was on parole for manslaughter when he attempted to use a stolen bank card to withdraw $4400 from Mr. Zolinger's bank account. If not for the State's agreement not to prosecute him as a habitual offender in exchange for his guilty plea,

3

the defendant's potential sentence would have been imprisonment with or without hard labor for not less than five years and not more than twenty years. La.R.S. 15:529.1(A)(1)(a); La.R.S. 14:67.16(C)(1). Accordingly, the defendant substantially benefitted by the State's agreement not to prosecute him as a habitual offender in exchange for his guilty plea, cutting his potential sentence in half. Under these circumstances, we cannot say the defendant's sentence is excessive.

## DISPOSITION

The defendant's sentence is affirmed.

**AFFIRMED.**