STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**10-74**

STATE OF LOUISIANA

VERSUS

CLIFFORD GAIL HOLLOWAY, JR.


************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 289,050
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

************

**DAVID E. CHATELAIN***
**JUDGE**

************

Court composed of Sylvia R. Cooks, J. David Painter, and David E. Chatelain, Judges.


**AMENDED IN PART; AFFIRMED AS AMENDED;**
**AND REMANDED WITH INSTRUCTIONS.**

**James C. Downs**
**District Attorney**
**Roger J. Breedlove**
**Assistant District Attorney**
**Post Office Drawer 1472**
**Alexandria, Louisiana 71309**
**(318) 473-6650**
**Counsel for:**
       **State of Louisiana**

**Carey J. Ellis, III**
**Louisiana Appellate Project**
**Post Office Box 719**
**Rayville, Louisiana 71269**
**(318) 728-2043**
**Counsel for Defendant/Appellant:**
       **Clifford Gail Holloway, Jr.**

---

*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**CHATELAIN, Judge.**

The defendant appeals, asserting that his twenty-two-year sentence for having pled guilty to driving while intoxicated (DWI), fourth offense, is excessive. For the following reasons, we conclude that the trial court did not abuse its discretion when sentencing the defendant to twenty-two years of imprisonment, and thus we affirm. The sentence is amended, however, to correct an error patent regarding a $5,000 fine imposed as part of the defendant's sentence, and the trial court is instructed to amend the minutes of the sentencing proceeding to correctly reflect that the defendant's twenty-two-year sentence was imposed without the benefit of probation, parole, or suspension of sentence for the first sixty days.

## PROCEDURAL HISTORY

On March 12, 2008, the defendant, Clifford Gail Holloway, Jr., pled guilty to driving while intoxicated, fourth offense, a violation of La.R.S. 14:98. He was originally sentenced to the maximum sentence of thirty years at hard labor. In *State v. Holloway*, an unpublished opinion bearing docket number 08-788 (La.App. 3 Cir. 12/10/08), this court vacated the defendant's sentence and remanded the matter to the trial court for resentencing. In doing so, we noted that the trial court failed to list the relevant aggravating or mitigating factors that it considered when imposing the sentence, failed to articulate the reasons for the sentence imposed, and failed to particularize the defendant's sentence. We stated:

> Considering the extremely limited evidence this court has to review and the complete failure of the trial court to articulate reasons that would establish the basis for . . . imposition of the maximum sentence, we find defendant's sentence constitutionally excessive as there is no evidence the defendant is the worst type of offender.

1

The defendant was resentenced on October 5, 2009, to twenty-two years at hard labor, with the first sixty days of the sentence to be served without the benefit of probation, parole, or suspension of sentence. The defendant was also ordered to pay a fine of $5,000 dollars plus court costs. On October 26, 2009, the defendant filed an appeal, as well as a Motion to Reconsider Sentence, asserting in both that his sentence was excessive. The trial court denied the defendant's motion to reconsider and granted the appeal.[1]

## EXCESSIVENESS OF SENTENCE

The defendant argues that the sentence of twenty-two years imprisonment is excessive for a fourth-offense DWI. He submits that he suffers from a substance abuse disease and that society would be better served if, rather than a lengthy sentence, he be given a minimum term of imprisonment followed by rehabilitation and home incarceration.

The sentencing court has broad discretion in imposing penalties for criminal convictions:

> A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.

*State v. Guzman*, 99-1753, 99-1528, p. 15 (La. 5/16/00), 769 So.2d 1158, 1167 (citations omitted). "The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more

___

[1] In denying the defendant's motion to reconsider and granting the appeal, the trial court noted that his trial counsel had been relieved of any further responsibility in the case.

appropriate." *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

Louisiana Revised Statutes 14:98(E) sets forth the sentencing range for fourth or greater offense DWI:

> [T]he offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court, in its discretion, may suspend all or any part of the remainder of the sentence of imprisonment.

Therefore, in the present case the defendant's sentence is a little more than two-thirds of the allowable sentence under the DWI statute.

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citations omitted).

The defendant filed a memorandum in support of resentencing, requesting that the trial court consider sentencing him to "other than a maximum possible sentence." Attached thereto were letters on the defendant's behalf from several of his family members and five law-enforcement officers from the facility where he is currently incarcerated. At the resentencing hearing, several of the defendant's relatives spoke on his behalf, each stating that they were aware of his substance abuse and each

asking the trial court for leniency. The State entered into the record the defendant's pre-sentence investigation report and National Criminal Information Center (NCIC) report which showed that defendant had seven arrests for DWI. Thereafter, the trial court stated:

> Under . . . Code Article 894.1 the court should impose a sentence of imprisonment if any of the following occurs: There is an und[ue] risk that during the period of a suspended sentence or probation the defendant will commit another crime. With regard to that factor, here Mr. Holloway was arrested for a DWI Four Plus on June 26th, 2007 facing thirty years and already a felony offender due to a felony conviction in Allen Parish - - according to the pre-sentence investigation report filed in these proceedings - - and having already participated in a drug court program and inpatient service, he was still arrested again for DWI Four Plus . . . less than a month later on July 14th, 2007. The July 14th, 2007 case was nolle prossed in exchange for his guilty plea. Clearly Mr. Holloway has demonstrated that he will commit another crime during any suspended sentence or probation. He's been on probation one time and had difficulties then. The second factor, the defendant is in need of correctional treatment or a custodial environment that can be . . . provided most effectively by the commitment to an institution, ah, Mr. Holloway does have tremendous family support, family that dearly loves him, would clearly do anything for [h]im, but, ah, clearly he's not able to function if he's not in an institutional environment. The last factor is . . . a lesser sentence, such as that recommended by Mr. Rodenbeck with a minimum sentence, would depreciate [sic] the seriousness of Mr. Holloway's crime. Considering the mitigating factors that Mr. Holloway has good family support, and I know his imprisonment will cause a hardship to his parents, ah, who are, are good Christian folks. And I don't have any doubt that Mr. Holloway has made some changes in his life at this point, but certainly he's been given ample opportunity to change before the arrest in '07. He has demonstrated that he is going to continue to re-offend if he's not . . . and he does not respond to treatment outside of any institution. While his latest DWI Four Plus . . . arrest occurred, again, after inpatient treatment, participation in a drug court program. Ah, moreover he's not a youthful [] offender at thirty-nine years of age. He certainly is a chronic DWI offender who has, whose history will demonstrate, has demonstrated he will commit another offense if he has the opportunity. He's had numerous chances to, to take his life in a different direction, including tremendous family support, yet he continues to drink and drive. Ah, Mr. Holloway, I think you pose a real danger to the other drivers on the road in Rapides Parish.

4

On appeal, the defendant points to La.R.S. 14:98(G), which provides:

> The legislature hereby finds and declares that conviction of a third or subsequent DWI offense is presumptive evidence of the existence of a substance abuse disorder in the offender posing a serious threat to the health and safety of the public. Further, the legislature finds that there are successful treatment methods available for treatment of addictive disorders. Court-approved substance abuse programs provided for in Subsections B, C, and D of this Section shall include a screening procedure to determine the portions of the program which may be applicable and appropriate for individual offenders and shall assess the offender's degree of alcohol abuse.

The defendant suggests that although he has participated in substance abuse programs, he has not had the benefit of being evaluated "by the Department of Health and Hospitals to determine the nature and extent of his substance abuse disorder or to participate in a treatment plan after such evaluation." He notes that while this fact "is not offered as justification for the instant offense, the Trial Judge had options other than this lengthy sentence." The defendant argues that he has taken responsibility for his actions by pleading guilty to this offense. He adds that he suffers from serious physical and psychological injuries as a result of a car accident that occurred when he was twenty-one years of age and which took the life of two close family members but that he has nonetheless maintained steady employment. The defendant submits that given proper treatment for his substance abuse dependency, he will become a productive and law-abiding citizen.

The State argues that the defendant's extensive criminal record indicates a history of substance abuse that includes narcotic drugs and alcohol. That record includes arrests for criminal non-support of his family, misdemeanor theft, and reckless operation of a vehicle. The State stresses that when the defendant pled guilty to the current offense, the State dismissed a second pending fourth-offense DWI

charge, thereby sparing the defendant "the likelihood of two consecutive sentences of thirty years each.[2]"

By way of comparison to similarly situated offenders, in *State v. Ladner*, 619 So.2d 1144 (La.App. 1 Cir.), *writ denied*, 625 So.2d 1059 (La.1993), the first circuit affirmed a twenty-year hard labor sentence for fourth offense DWI. The sentencing court reviewed a pre-sentence investigation report which indicated that the defendant had a lengthy record of misdemeanor arrests and convictions, as well as three predicate DWI convictions. The sentencing court found no provocation to justify the offense. It noted that the defendant had not responded to probationary treatment in the past and that he had failed to seek treatment for his alcoholism. The sentencing court concluded that the defendant was in need of correctional treatment and that a lesser sentence would deprecate the seriousness of the offense.

In *State v. Edwards*, 591 So.2d 748 (La.App. 1 Cir. 1991), *writ denied*, 94-452 (La. 6/21/96), 675 So.2d 1072, the first circuit affirmed a twenty-four-year hard labor sentence for a defendant convicted of DWI, fourth offense. The trial court noted that this was the forty-year-old defendant's eighth DWI conviction, that he had been arrested for twenty-six different crimes, that he continued to deny culpability for his crimes, and that he had no remorse. *See also State v. Davis*, 588 So.2d 1234 (La.App. 1 Cir. 1991) (first circuit affirmed a twenty-five-year sentence for thirty-three-year-old defendant who pled guilty to fourth offense DWI where defendant had eight prior DWI convictions during an eight-year period and was arrested for the current offense during probation for a third offense DWI conviction); *State v. Wiltcher,* 41,981

---

[2]Louisiana Revised Statutes 14:98(E)(4)(b) provides, in pertinent part, that if an offender was previously convicted of a fourth offense, no part of the second fourth offense may be "imposed concurrently with the remaining balance of any sentence to be served for a prior conviction for any offense."

(La.App. 2 Cir. 5/9/07), 956 So.2d 769 (second circuit affirmed twenty-five-year sentence for defendant convicted of fourth offense DWI where trial court noted defendant's extensive criminal history dating back more than twenty years).

In *State v. Williams,* 02-707, p. 8 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095, 1101, this court held that "[t]he trial court may also consider other factors not provided by La.Code Crim.P. art. 894.1," including "the benefit obtained by the defendant through the plea bargain."

The record shows that the defendant in the present case has an arrest record starting in 1992, consisting of twelve arrests involving approximately twenty-nine offenses. While most of the offenses were traffic related and misdemeanors, the defendant was on probation for a DWI conviction when he was arrested for the present offense. The defendant was then arrested for DWI after the present offense, which was *nolle prossed* as part of the plea agreement. Accordingly, the defendant received a significant benefit for his guilty plea. Finally, as the trial court noted, the defendant had been in treatment programs prior to the current offense but apparently without good result. In view of these facts and the circumstances of this case, the penalty of twenty-two years imprisonment is not so grossly disproportionate to the severity of the crime as to shock this court's sense of justice. Therefore, after carefully reviewing the record, we are convinced that the trial court did not abuse its considerable discretion when it sentenced the defendant to twenty-two years imprisonment, rather than imposing a shorter sentence accompanied with rehabilitation and home incarceration.

7

# ERROR PATENT

In accordance with La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. After review, we have discovered that there is one error patent and that the minutes of sentencing need correction.

The trial court sentenced the defendant to twenty-two years at hard labor and ordered him to pay a fine of $5,000 plus court costs, payable immediately.[3] The trial court ordered that in the event the fine was not timely paid, the defendant would have to serve one year of default time in the parish jail, to run concurrently with the twenty-two-year sentence.

In *State v. Major,* 03-249, pp. 2-3 (La.App. 3 Cir. 3/2/05) 898 So.2d 548, 550-51, the court explained, in pertinent part:

> It is well-settled that "[a]n indigent person may not be incarcerated because he is unable to pay a fine which is part of his sentence. *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983)." *State v. Zabaleta*, 96-2449, p. 1 (La.3/7/97), 689 So.2d 1369. The need for incarceration raises an issue when fines or costs are not paid, because La.Code Crim.P. art. 884 requires that, when a trial court imposes a fine or costs, it must also impose a specified term of imprisonment in the event the defendant defaults on payment of the fine or costs. Because an indigent person may not be incarcerated for failure to pay a fine, the supreme court has vacated "the portion of . . . [a] sentence which provides for a jail term in the event of default of payment of a fine . . . ." *Zabaleta*, 689 So.2d 1369.

In the present case, an attorney appointed through the Rapides Parish Public Defender represented the defendant at trial, and on appeal, the Louisiana Appellate Project represented him. We consider these facts as presumptive evidence of the defendant's indigence. *See State v. Cox*, 02-333 (La.App. 5 Cir. 9/30/02), 829 So.2d

---

[3]When the trial court imposed sentence on October 5, 2009, it stated that the fine and court costs were payable "October 4, 2009." The court minutes reflect the payment was due "October 5, 2009." Because no probation was imposed, the fine and costs were payable immediately. *See* La.Code Crim.P. art. 888. We conclude that this mistake is of no moment with regard to this appeal.

8

521 and *State v. Jones,* 535 So.2d 3 (La.App. 4 Cir. 1988).[4] Accordingly, we delete the portion of the defendant's sentence providing for one year in the parish jail should he fail to pay the fine. The trial court is instructed to note the amendment in the court minutes.

Additionally, the minutes of sentencing are in need of correction. The transcript of the October 5, 2009 sentencing proceeding reflects that the trial court imposed the defendant's twenty-two-year sentence for DWI without the benefit of probation, parole, or suspension of sentence for the first sixty days as required by La.R.S. 14:98; however, this is not reflected in the court minutes. "[I]t is well settled that when the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Thus, the trial court is instructed to amend the minutes of the October 5, 2009 sentencing proceeding to correctly reflect the sentence imposed. *See State v. Perry,* 08-1304 (La.App. 3 Cir. 5/6/09), 9 So.3d 342, *writ denied,* 09-1955 (La. 6/25/10), 38 So.2d 352.

### DECREE

We delete the portion of the defendant's sentence providing for one year in the parish jail should he fail to pay the $5.000 fine; otherwise, we affirm the defendant's sentence. The trial court is instructed to amend the minutes of the October 5, 2009 sentencing proceeding to correctly reflect that the defendant's twenty-two-year sentence was imposed without the benefit of probation, parole, or suspension of sentence for the first sixty days as required by La.R.S. 14:98.

---

[4]Pursuant to La.Code Civ.P. art. 2168, unpublished opinions of "the courts of appeal shall be posted . . . and may be cited as authority." Accordingly, *see also State v. Lavergne*, an unpublished opinion bearing docket number 06-606 (La.App. 3 Cir. 11/15/06).

**AMENDED IN PART; AFFIRMED AS AMENDED; AND REMANDED WITH INSTRUCTIONS.**