STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-131


STATE OF LOUISIANA

VERSUS

MEGAN E. MORALES

-AKA- MEGAN ELIZABETH MORALES


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 88668
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**DAVID E. CHATELAIN\***
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Shannon J. Gremillion, John E. Conery, and David E. Chatelain, Judges.


**AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**


---

**\*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.**

**Paula C. Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Megan E. Morales**

**Asa A. Skinner**
**District Attorney, 30th Judicial District Court**
**Terry W. Lambright**
**First Assistant District Attorney**
**P. O. Box 1188**
**Leesville, LA 71446-1188**
**(337) 239-2008**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **State of Louisiana**

**CHATELAIN, Judge.**

The defendant, Megan E. Morales, appeals her sentence for identity theft, a violation of La.R.S. 14:67.16. For the following reasons, we affirm the decision of the trial court as amended and remand the case to the trial court with instructions.

## PROCEDURAL HISTORY

On December 1, 2015, the defendant was charged by a bill of information for identity theft for the use of Jacueline Clark Wilson's[1] (Wilson) personal information for a Verizon cell phone account valued at $3,739. The defendant entered a guilty plea on September 13, 2016, and a presentence investigation report was ordered.

On November 16, 2016, the trial court sentenced the defendant to five years at hard labor and fined $1,500 plus court costs. On November 22, 2016, the defendant filed a motion to reconsider sentence which the trial court denied the next day because "no specific facts [were] alleged and [it] gave reasons on record." The defendant timely appealed.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are three errors patent concerning the defendant's sentence.

First, the trial court ordered the defendant to pay a fine and court costs, or in default of payment, to serve an additional twelve months in the parish jail. Court-appointed counsel represented the defendant in the proceedings in the trial court, and the Louisiana Appellate Project represented the defendant on appeal. This has

---

[1] We note that Wilson's name is spelled various ways in the record and the order of her surnames are mixed several times as well, but for consistency this court will refer to her as "Wilson" only.

been found to be presumptive evidence of indigence. *State v. Holloway*, 10-74 (La.App. 3 Cir. 10/6/10), 47 So.3d 56.

In *State v. Major*, 03-249, pp. 2-3 (La.App. 3 Cir. 3/2/05) 898 So.2d 548, 550-51 (alteration in original), this court explained:

> It is well-settled that "[a]n indigent person may not be incarcerated because he is unable to pay a fine which is part of his sentence. *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983)." *State v. Zabaleta*, 96-2449, p. 1 (La.3/7/97), 689 So.2d 1369. The need for incarceration raises an issue when fines or costs are not paid, because La.Code Crim.P. art. 884 requires that, when a trial court imposes a fine or costs, it must also impose a specified term of imprisonment in the event Defendant defaults on payment of the fine or costs. Because an indigent person may not be incarcerated for failure to pay a fine, the supreme court has vacated "the portion of . . . [a] sentence which provides for a jail term in the event of default of payment of a fine . . . ." *Zabaleta*, 689 So.2d 1369.

Accordingly, we vacate the portion of the defendant's sentence which required her to serve twelve months in the parish jail in default of payment of the fine and court costs.

Second, because the trial court imposed the fine and court costs as part of the defendant's principal sentence, and not as a condition of probation, they are payable immediately. La.Code Crim.P. art. 888. Therefore, we amend the defendant's sentence deleting the provision allowing for a payment plan for the $1,500 fine and court costs imposed and instruct the trial court to make an entry in the minutes reflecting these amendments. *State v. Bradley*, 11-445 (La.App. 3 Cir. 11/2/11) (unpublished opinion).

Third, the trial court properly set forth a payment plan for the restitution and fees imposed as conditions of probation, but failed to do so for the $150 to be paid to the Department of Corrections for the preparation of the presentence investigation report. "When the fines and costs are imposed as a condition of probation, but the trial court is silent as to the mode of payment or the trial court

attempts to establish a payment plan, this court has required a specific payment plan be established." *State v. Wagner*, 07-127, p. 7 (La.App. 3 Cir. 11/5/08), 996 So.2d 1203, 1208.

Therefore, we remand this case to the trial court for the establishment of a payment plan for the $150 to be paid to the Department of Corrections imposed as a condition of probation, noting that either the trial court or the Department of Probation and Parole, with approval of the trial court, may determine the plan.

## OPINION

The defendant challenges her sentence as excessive, and she combines the interrelated assignments of error which are as follows:

> I. The sentencing judge failed to individualize this sentence to this offender and offense; the sentencing judge failed to articulate for the record sufficient reasons to justify the sentence and further failed to adequately consider mitigating factors in this case.

> II. Megan Morales used a cell phone given to her by her now ex-husband, who activated the phone in his mother's name without her authorization. Considering Ms. Morales' limited role and the fact that this "identity theft" was limited to a single Verizon account in the amount of $3,739, the sentence is harsh and excessive to the degree that it is cruel and unusual punishment.

The applicable penalty in this case is set forth in La.R.S. 14:67.16(C)(1)(a) and provides:

> Whoever commits the crime of identity theft when credit, money, goods, services, or any thing else of value is obtained, possessed, or transferred, which amounts to a value of one thousand dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than ten thousand dollars, or both.

The maximum sentence the defendant could have received was ten years at hard labor and a $10,000 fine. In the present case, the trial court sentenced the defendant to a mid-range sentence of five years at hard labor, three years suspended with five years of supervised probation, and a fine of $1,500.

## First Assignment of Error

The defendant makes a threefold argument in her brief to this court: (1) the trial court did not individualize her sentence; (2) it failed to articulate sufficient reasons to justify the sentence; and (3) it did not consider mitigating factors.

The State contends portions of the defendant's assignments of errors are not properly before this court pursuant to La.Code Crim.P. art. 881.1(E). The State explains that in her motion to reconsider sentence, the defendant did not allege the trial court failed to individualize her sentence, and she did not allege the trial court failed to articulate sufficient reasons on the record to justify the sentence.

Louisiana Code of Criminal Procedure Article 881.1(E) provides:

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Additionally, in *State v. Williams*, 15-803, p. 4 (La.App. 3 Cir. 3/2/16), 186 So.3d 333, 336 (citations omitted), this court discussed La.Code Crim.P. art. 881.1(E) and held:

> Where a defendant files a motion to reconsider sentence but does not raise a specific issue therein, such as the trial court's failure to consider the Article 894.1 factors, that issue is not properly before the appellate court for review. However, in the interest of justice, the appellate court may review the defendant's sentence for bare excessiveness.

In *State v. Soriano*, 15-1006 (La.App. 3 Cir. 6/1/16), 192 So.3d 899, the court set forth the applicable law for reviewing an excessive sentence claim. This court wrote in pertinent part:

> In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:

4

La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061, a panel of this court elaborated on that analysis, stating:

In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*Id.* at 901-02 (alteration in original).

In her motion to reconsider sentence filed in the trial court, the defendant wrote in pertinent part:

2.

The sentence imposed is excessive as applied to this defendant, in violation of Louisiana Constitution Article 1, Section 20, because the sentence imposed is grossly disproportionate to the seriousness of the offense, makes no measurable contribution to acceptable goals of punishment, and is nothing more that [sic] the purposeless imposition of pain and suffering.

3.

The sentence imposed, although within the statutory limits, is a manifest abuse of discretion.

4.

The trial court failed to adequately consider applicable mitigating circumstances in determining the appropriate sentence to be imposed.

No hearing was held. In denying the motion, the trial court wrote in pertinent part: "No specific facts are alleged and Court gave reasons on record."

Although the defendant did not specifically allege in her motion to reconsider that the trial court failed to individualize her sentence or failed to articulate sufficient reasons on the record to justify the sentence, in the interest of justice, we will review the defendant's sentence for bare excessiveness.

The defendant argues the trial court erred in imposing such a harsh sentence based upon "its personal feelings about the 'serious crime' of identity theft[.]" (Footnote omitted.) The State does not respond to this claim in its brief to this court.

At sentencing, the trial court discussed how the outstanding balance on the Verizon account in Wilson's name appeared on her credit report and prevented Wilson from getting a loan to buy a house. The trial court also stated that Wilson's "life has been severely limited and hindered" by the defendant's actions. The trial court went on to state in pertinent part:

6

[I]t's not a case where it's just a one-time shot where there's economic harm. The economic harm continues today because you've ruined her credit, and that can't be stopped immediately. . . . [S]he has to build her credit back up slowly. So, the harm is continuing. That's the problem I have. It wasn't just one incident, it's an ongoing thing. She's suffering for it today, too, and will suffer in the future for however long it takes to get her credit rating back up. And people like you don't think about that when things -- when people get accounts in other people's names or take credit cards out and things of that kind. They don't understand that, hey, look, I'm not just taking a credit card and opening it up in their name and -- and they may or may not have to pay the bill. If the bill doesn't get paid, it affects that person's credit rating for a very, very long time, and it affects their ability to get credit. They can't operate on credit cards. They can't operate on loans. They have to operate on cash, whatever they have. Credit is not in their future for a long, long time, and that's the damage that's caused by things like this.

The trial court went on to state that the defendant was going to receive probation, but not immediately "because of the harm that [she has] caused to [Wilson]." The trial court indicated that Wilson will be "suffering for a long time," and there is "no reason why [the defendant] should walk out of this free and not have to do any time because of the harm [she has] caused."

The trial court next discussed the defendant's criminal record, stating that while this was her "first offense as far as the categories" that she is in, she previously pleaded guilty to the attempted possession of a methamphetamine for which she received two-and-a-half years of probation. The trial court stated she was technically "classified as a first offender[,]" but that she had "active bench warrants out from Natchitoches Parish Sheriff's Office, from Bossier City Court, and from Avoyelles Parish Sheriff's Office." The trial court indicated that it felt that the defendant was "not coming in with clean hands[,]" and was, therefore, not "a truly first offender[.]" When the trial court combined the fact that it did not consider the defendant's actions

as a pure first offense. . . . with the fact that Ms. Wilson has suffered and is continuing to suffer as far as her credit goes . . . you know, if you watch T.V., . . . some of these programs where they document

that, these people's lives are completely -- one day they were doing well, the next day their credit report is a wreck. They can't get loans. They can't buy cars on credit. They can't buy homes. They can't get a credit card. It's, you know, whatever your paycheck is, that's what you got to live on. Credit is not in your life for a long period of time.

The trial court found that the "damage goes on[,]" and "there was nothing that was done by [Wilson] to motivate or prompt this or cause this to happen."

Although the trial court explained its view of the negative impact of identity fraud, the trial court's imposition of the mid-range sentence is supported by the factors set forth in *Soriano*, 192 So.3d 899. Thus, this court finds that the trial court did not abuse its discretion, and the defendant's assertions that the trial court failed to individualize and articulate sufficient reasons for her sentence lack merit.

However, the defendant properly preserved for appellate review her assertion that the trial court failed to adequately consider mitigating circumstances. In her brief to this court, the defendant specifically claims the trial court failed to consider her limited role and that the identity theft was limited to a single occurrence. She explains in pertinent part:

> Megan Morales accepted responsibility for her limited role in her ex-husbands' [sic] theft of his mother's identifying information used to activate a cell phone with Verizon. Ms. Morales did not activate the phone; she did not know it was stolen, but she admitted she did not ask her now ex-husband about it. He gave the phone to her to use, and she paid it for four years until she moved and no longer had service. Ms. Morales expressed genuine remorse for her actions, indicating she would never want to hurt [Wilson] and would never have used the phone if she thought it would get her in trouble.

(Citations omitted.) The defendant further notes she accepted responsibility for her role, she has a college degree, she was previously employed as a finance manager, and she has one child.

The State argues that the trial court was "well aware of the facts and circumstances prior to appropriately sentencing this defendant." The State points to the fact that the trial court considered the presentence investigation report, the

defendant's personal and criminal history, and the fact that the defendant expressed remorse at harming Wilson prior to sentencing as further proof of the trial court's consideration of the mitigating factors in this case. The State concludes in its brief: "A reading of the record clearly indicates the Trial Judge considered mitigating circumstances along with aggravating circumstances, as required by La.C.Cr.P. Art. 894.1 and case law."

The defendant's claim that the trial court failed to adequately consider mitigating factors is clearly contradicted by the record. Additionally, the trial court noted in its denial of the motion to reconsider sentence, the defendant offers no facts to support her assigned error. Therefore, we find the defendant's claim that the trial court failed to adequately consider mitigating factors in this case also lacks merit.

**Second Assignment of Error**

Next, the defendant asserts her sentence is excessive. She contends the sentence is shocking and serves no useful purpose but imposition of needless pain and suffering. The defendant contends she should be given a probated sentence. She points out her risk to society is "minuscule, if any." She argues the cost to society of incarcerating her is great. The defendant concludes, writing in pertinent part:

> Thus, the court's conclusion that [Wilson's] credit will continue to suffer as a result of the unauthorized Verizon account is unsupported. The court failed to particularize the sentence to this offender and this offense, and an unconstitutional sentence has been imposed. A probated sentence in the low range is indicated for this first offender who used a cell phone activated by her ex-husband with his mother's stolen identifying information. Megan Morales failed to ask her now ex-husband how he got the phone. The court abused its discretion in harshly sentencing Megan Morales whose role in the offense was very limited.

The State counters that the defendant's sentence is not excessive. The State argues the defendant received a significant benefit from the plea, explaining: "three (3) felony bail jumping charges that exposed her to two (2) years hard labor each were dismissed."

Although the defendant cites no cases in support of her argument she should have received a lesser sentence, the State draws our attention to two cases in support of the sentence imposed. In *State v. Wide*, 09-1112 (La.App. 3 Cir. 4/14/10), 35 So.3d 1176, the defendant pleaded guilty to identity theft over $1,000, a violation of La.R.S. 14:67.16. In exchange, the state agreed to not file a multiple offender bill. At the sentencing hearing, the defendant admitted he attempted to use the false identification of the victim to withdraw $4,400 from the victim's savings account. The trial court sentenced him to ten years at hard labor, the maximum sentence. On appeal, the defendant asserted his sentence was excessive. This court affirmed the sentence writing in pertinent part:

> When sentencing the defendant in the present case, the trial court observed, after reviewing the presentence investigation report, "I can't let you stay out on the streets. You get in trouble every time you turn around." As reflected in the record, the defendant was on parole for manslaughter when he attempted to use a stolen bank card to withdraw $4400 from [the victim's] bank account. If not for the State's agreement not to prosecute him as a habitual offender in exchange for his guilty plea, the defendant's potential sentence would have been imprisonment with or without hard labor for not less than five years and not more than twenty years. La.R.S. 15:529.1(A)(1)(a); La.R.S. 14:67.16(C)(1). Accordingly, the defendant substantially benefitted by the State's agreement not to prosecute him as a habitual offender in exchange for his guilty plea, cutting his potential sentence in half. Under these circumstances, we cannot say the defendant's sentence is excessive.

*Id*. at 1178.

The State also cites *State v. Gaspard*, 09-1516 (La.App. 3 Cir. 10/13/10), 49 So.3d 971, in which this court affirmed ten year sentences for each count of

identity theft for a first-time offender. The court noted the multiple offenses resulted in severe economic hardships to the victims.

After considering the factors set forth in *Soriano*, 192 So.3d 899, this court finds the trial court did not abuse its discretion when it imposed a mid-range sentence. Therefore, the defendant's assignment of error lacks merit.

## DISPOSITION

For the foregoing reasons, we affirm the defendant's conviction. Additionally, we delete the portion of the defendant's sentence requiring she serve twelve months in the parish jail in default of payment of the fine and court costs; amend the defendant's sentence, deleting the provision allowing for a payment plan for the $1,500 fine and court costs; and instruct the trial court to make an entry in the minutes reflecting these amendments. This case is remanded to the trial court for the establishment of a payment plan for the $150 to be paid to the Department of Corrections imposed as a condition of probation, noting that the plan may either be determined by the trial court or by the Department of Probation and Parole with approval by the trial court. The defendant's sentence is affirmed in all other respects.

**AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**