# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 23-16

STATE OF LOUISIANA

VERSUS

GREGORY P. DAUZAT

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2020CR223880
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

**********

## SHANNON J. GREMILLION
## JUDGE

**********

Court composed of Shannon J. Gremillion, Jonathan W. Perry, and Gary J. Ortego, Judges.

## SENTENCE VACATED IN PART, AFFIRMED IN PART.

**Paula Corley Marx**
**Louisiana Appellate Project**
**P.O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Gregory P. Dauzat**

**Hon. Charles A. Riddle, III**
**Twelfth Judicial District Attorney**
**P.O. Box 1200**
**Marksville, LA 71351**
**(318) 253-6587**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**GREMILLION, Judge.**

**FACTS AND PROCEDURAL POSTURE**

Defendant, Gregory P. Dauzat, waived his right to trial by jury on one count of Possession of a Schedule II Controlled Dangerous Substance, less than two grams of methamphetamine, a violation of La.R.S. 40:967(C) and miscellaneous charges not material to this appeal. The trial court found Defendant guilty as charged. On June 28, 2022, Defendant was sentenced to serve eighteen months at hard labor, with credit for time he had already served. That sentence was suspended, and Defendant was placed on eighteen months' probation. The court imposed conditions of probation, including paying the following:

1) $71.00 per month probation supervision fee;

2) $750.00 fine;

3) $200.00 costs of prosecution;

4) $200.00 to the indigent defender fund;

5) $435.00 in court costs;

6) $50.00 to the DARE program; and

7) $50.00 victim reparation fee.

In default of payment within six months, the trial court ordered that Defendant serve six months in the Avoyelles Parish Jail. No hearing was held to establish Defendant's ability to pay the fines and fees, and the trial court gave no reasons for not holding the hearing.

Defendant appeals the sentence and asserts the following assignments of error:

I.  The trial court erred in ordering Gregory Dauzat, an indigent offender, to pay fines and costs totaling $1685 in the absence of a hearing and finding by the court of Dauzat's ability to pay.

II.  While the court imposed a suspended sentence of 18 months in this case, Gregory Dauzat is facing the

maximum sentence of two years if he fails to pay the fees, fines and costs discussed in Assignment of Error No. 1. Such a grave maximum is unconstitutionally excessive in this case involving possession of a very small amount of methamphetamine by an offender with a minimal criminal history.

III.     The trial court failed to provide an adequate factual basis for the sentence imposed. The record reflects review of Mr. Dauzat's limited criminal history but not his personal history, thus does not reflect imposition of a sentence individualized to this offender and offense as required by La.C.Cr.P. Art. 894.1.

## ANALYSIS AND DISCUSSION

Pursuant to La.Code Crim.P. art. 920, we review all records for errors patent on the face of the record. We find one error patent.

Defendant was ordered to pay a fine and various fees. In default thereof, Defendant was ordered to serve six months in the Avoyelles Parish Jail.

The imposition of imprisonment for default of paying fines and fees is governed by La.Code Crim.P. art. 884, which, at the time of Defendant's sentencing, read:

> If a sentence imposed includes a fine or costs, the sentence shall provide that in default of payment thereof the defendant shall be imprisoned for a specified period not to exceed one year; provided that where the maximum prison sentence which may be imposed as a penalty for a misdemeanor is six months or less, the total period of imprisonment upon conviction of the offense, including imprisonment for default in payment of a fine or costs, shall not exceed six months for that offense.

In *State v. Morales*, 17-131 (La.App. 3 Cir. 5/17/17), 221 So.3d 257, we noted that a defendant is presumed indigent when represented by appointed counsel under *State v. Holloway*, 10-74 (La.App. 3 Cir. 10/6/10), 47 So.3d 56. A court is not allowed to incarcerate an indigent person based on his inability to pay a fine levied as part of his sentence. *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064 (1983).

2

Accordingly, we vacated a twelve-month sentence imposed in default of payment in the *Morales* case.

Defendant has been represented throughout these proceedings by appointed counsel. He is therefore presumed to be indigent. The six-month sentence in default of payment is inappropriate, and that portion of Defendant's sentence is vacated.

We now turn to Defendant's first assignment of error. Defendant argues that the failure to hold a hearing before imposing financial obligations is fatal to his sentence; the State counters that the error is harmless.

Louisiana Code of Criminal Procedure Article 875.1(A) was enacted by 2017 La. Acts No. 260, with an effective date of August 1, 2018. The article articulates the legislature's purpose in imposing financial obligations on an offender:

> A. The purpose of imposing financial obligations on an offender who is convicted of a criminal offense is to hold the offender accountable for his action, to compensate victims for any actual pecuniary loss or costs incurred in connection with a criminal prosecution, to defray the cost of court operations, and to provide services to offenders and victims. These financial obligations should not create a barrier to the offender's successful rehabilitation and reentry into society. Financial obligations in excess of what an offender can reasonably pay undermine the primary purpose of the justice system which is to deter criminal behavior and encourage compliance with the law. Financial obligations that cause undue hardship on the offender should be waived, modified, or forgiven. Creating a payment plan for the offender that is based upon the ability to pay, results in financial obligations that the offender is able to comply with and often results in more money collected. Offenders who are consistent in their payments and in good faith try to fulfill their financial obligations should be rewarded for their efforts.

Article 875.1(B) defines "financial obligations":

> B. For purposes of this Article, "financial obligations" shall include any fine, fee, cost, restitution, or other monetary obligation authorized by this Code or by the Louisiana Revised Statutes of 1950 and imposed upon the defendant as part of a criminal sentence, incarceration, or as a condition of the defendant's release on probation or parole.

At the time of Defendant's sentencing, the article further provided:

3

C.(1) Notwithstanding any provision of law to the contrary, prior to ordering the imposition or enforcement of any financial obligations as defined by this Article, the court shall determine whether payment in full of the aggregate amount of all the financial obligations to be imposed upon the defendant would cause substantial financial hardship to the defendant or his dependents.

Under Subsection (C)(2), a defendant could not waive the requirement of this determination.

2018 La. Acts No. 137 changed the effective date of Article 875.1 to August 1, 2019.  Later, the effective date was extended by 2019 La. Acts No. 253, § 3, to August 1, 2021.  In 2020 House Concurrent Resolution 2, the legislature declared that La.Code Crim.P. art. 875.1 became effective on August 1, 2019:

[I]n the 2019 Regular Session of the Legislature, Act No. 253 further delayed the effective date of Act No. 260 of the 2017 Regular Session of the Legislature to August 1, 2021, but inadvertently did not amend the effective date of the changes made to Code of Criminal Procedure Article 875.1 by Act No. 668 of the 2018 Regular Session of the Legislature, and those changes went into effect on August 1, 2019[.]

The legislature went on to suspend the provisions of La.Code Crim.P. art. 875.1, with the suspension lasting from May 31, 2020, through August 1, 2021.[1]

In 2021 La. Acts No. 313, the legislature enacted La.Code Crim.P. art. 875.2 to replace La.Code Crim.P. art. 875.1, with an effective date of August 1, 2022, and further stated:

Section 2. Code of Criminal Procedure Article 875.1 is hereby repealed in its entirety.

Section 3. (A) Notwithstanding Section 3 of Act No. 260 of the 2017 Regular Session or any other Act to the contrary, the provisions of Act No. 260 of the 2017 Regular Session shall become effective on August 1, 2022, except as provided by Subsection B of this Section.

(B) It is the intent of the legislature that the provisions of Act No. 260 of the 2017 Regular Session that enacted Code of Criminal Procedure Article 875.1 and that amended and reenacted Code of

---

[1]A concurrent resolution suspending a law has the force and effect of law.  La.Const. art. 3, § 20; *See also Louisiana Chem. Ass'n v. State through Louisiana Dep't of Revenue*, 16-501 (La.App. 1 Cir. 4/7/17), 217 So.3d 455, *writ denied*, 17-761 (La. 9/22/17), 227 So.3d 826.

Criminal Procedure Article 885.1(A), (C), and (D) and 894.4 shall never become effective.

. . . .

Section 5. (A) The provisions of Sections 1 and 2 of this Act shall become effective on August 1, 2022.

Accordingly, at the time Defendant was sentenced, La.Code Crim.P. art. 875.1 was not in effect. This assignment of error lacks merit.

Defendant's second assignment of error contends that he has been subjected to the maximum penalty for his offense, when one considers the six-month-default portion. Our vacation of that six-month portion renders this assignment of error moot.

Defendant contemporaneously objected to his sentence but filed no motion to reconsider. A defendant who fails to move for reconsideration of his sentence or to orally urge specific grounds for reconsideration is restricted to appellate review of his sentence for bare constitutional excess. La.Code Crim.P. art. 881.1; *State v. Mims*, 619 So.2d 1059 (La.1993).

The trial court enjoys great discretion in imposing a sentence within the statutory range. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. An excessive sentence is one that is "so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering." *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

> In *State v. Telsee,* 425 So.2d 1251 (La.1983), this court outlined several factors which are useful in determining whether a sentence, by its excessive length or severity, is grossly out of proportion to the underlying crime. This analysis is cumulative and focuses on a combination of these factors. These include the nature of the offense

5

and the offender, a comparison of the punishment with sentences imposed for similar crimes, the legislative purpose behind the punishment, a comparison of the punishment with sentences imposed for similar crimes, and a comparison of the punishment provided for this crime in other jurisdictions.

*State v. Smith*, 99-606, pp. 17-18 (La. 7/6/00), 766 So.2d 501, 514-15 (citations omitted).

Defendant was convicted of possession of less than two grams of methamphetamine, which is a Schedule II drug. La.R.S. 40:964 Schedule II(C)(2); La.R.S. 40:967. He has a prior felony and misdemeanor convictions and successfully completed probation for each offense. Despite being classified as a second offender, Defendant received a probated sentence.

Cases involving sentences for possession of less than two grams of methamphetamine are not legion, because the Legislature amended La.R.S. 40:967(C) by 2017 La. Acts No. 281, which provided for grade of offense by weight and changed the range of sentences. However, in *State v. Dunham*, 53,922 (La.App. 2 Cir. 6/30/21), 321 So.3d 525, the defendant was sentenced to two years at hard labor for possession of less than two grams of methamphetamine, which he committed while on probation. The defendant's criminal history included a misdemeanor conviction for violation of a protective order, an arrest for domestic abuse battery (which was pleaded down to disturbance of the peace), and a conviction for aggravated assault with a firearm. The second circuit found the two-year sentence was not excessive.

Defendant was sentenced to eighteen months, but that sentence was suspended. If he refrains from criminal activity, he will serve no time. We find no abuse of the trial court's discretion in imposing this sentence.

6

**DECREE**

That portion of Defendant's sentence ordering that he serve six months in default of paying fines, fees, and court costs is vacated. In all other respects, Defendant's sentence is affirmed.

**SENTENCE VACATED IN PART, AFFIRMED IN PART.**